UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| MARVIN STARCHER, | ) |
| | ) |
| Plaintiff, | )  Case No. 1:06-cv-345 |
| | ) |
| v. | )  Honorable Robert Holmes Bell |
| | ) |
| EDWARDSBURG POLICE DEPARTMENT, | ) |
| | ) |
| Defendant. | ) |

# **OPINION**

This is a civil rights action brought by an Indiana state prisoner pursuant to 42 U.S.C. § 1983.  Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A.  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted.

**Discussion**

I.  Factual Allegations

Plaintiff is presently incarcerated in the Pendleton Correctional Facility in Pendleton, Indiana. In his *pro se* complaint, he sues the Edwardsburg, Michigan Police Department. Plaintiff originally filed this action in the United States District Court for the Northern District of Indiana, which transferred the case to this Court.

In June 2003, Plaintiff was pulled over by the Edwardsburg Police while driving his 1988 Chevrolet Camaro. Because there was an outstanding warrant for his arrest in Elkhart, Indiana, the Edwardsburg Police took Plaintiff into their custody. While Plaintiff was in their custody, the Edwardsburg Police searched his car. They found $2,680 in cash, drug paraphernalia, cocaine, and methamphetamine. On June 16, 2003, the Edwardsburg Police seized the car and its contents.[1] On June 17, 2003, the Edwardsburg Police sent Plaintiff a Notice of Seizure and Intention to Forfeit.[2] That notice advised Plaintiff of his right to post a bond and contest the forfeiture in state court on or before July 6, 2003. Pl's Compl. Ex. A. The Cass County Michigan prosecutor charged Plaintiff with possession with intent to deliver methamphetamine (MICH. COMP. LAWS § 333.74012B1), and

---

[1] Section § 333.7521(d) of the Michigan Compiled Laws authorizes seizure of any vehicle involved in the use, transport, or facilitation of transportation for the sale or receipt of controlled substances. The local prosecutor then subjects those vehicles to forfeiture proceedings.

[2] MICH. COMP. LAWS § 333.7523(c)-(d) provides:
(c) Any person claiming an interest in property . . . may, within 20 days after receipt of the notice. . . file a written claim signed by the claimant with the local unit of government or the state expressing his or her interest in the property. Upon the filing of the claim, and the giving of a bond to the local unit of government or the state in the amount of 10% of the value of the claimed property, . . ., with sureties approved by the local unit of government or the state conditioned that if the property is ordered forfeited by the court the obligor shall pay all costs and expenses of the forfeiture proceedings.

(d) If no claim is filed or bond given within the 20-day period as described in subdivision (c), the local unit of government or the state shall declare the property forfeited and shall dispose of the property as provided under section 7524 . . . .

possession of cocaine (MICH. COMP. LAWS § 333.74032A4). Pl's Compl. Ex. B. On December 18, 2003, Plaintiff was sentenced in Elkhart County, Indiana to forty years (possession of cocaine or other narcotic), six years (possession of cocaine or other narcotic), and two years (dealing in a sawed-off shotgun).[3] On October 13, 2005, the Cass County, Michigan prosecutor dismissed its two charges against Plaintiff in view of his incarceration in Indiana. Pl's Compl. Ex. B.

In his present action, Plaintiff claims that he was not informed that the Edwardsburg Police seized his car and its contents until February 2006.[4] He argues that by searching his vehicle without a warrant, and seizing his car and cash without a trial or appointing him a public defender, the police violated his rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

For relief, Plaintiff requests that his cash and vehicle be returned to him.

II.     Search and Seizure of Plaintiff's Vehicle and Its Contents

Plaintiff alleges that the search and seizure of his Camaro after the Edwardsburg Police arrested him violated his constitutional rights. He claims that the search without a warrant and the seizure without a trial violated his Fourth, Fifth, and Fourteenth Amendment rights.

A warrantless search may be conducted incident to a lawful arrest: "[u]nder the Fourth and Fourteenth Amendments, an arresting officer may, without a warrant search a person validly arrested . . . The fact of a lawful arrest, standing alone, authorizes a search." *Michigan v.*

---

[3] Plaintiff does not provide the details of his Indiana sentence in his Complaint; this information was obtained from the Indiana Department of Corrections Offender Data index on the Indiana Department of Corrections website: http://in.gov/indcorrection/search.htm (follow "Enter Search Page" hyperlink; then type in Plaintiff's first and last name in the lines indicated).

[4] Plaintiff's complaint indicates that he was in fact notified of the seizure of his car and the pending forfeiture proceedings. See Pl. Compl. Ex. A.

*DeFillipo*, 443 U.S. 31, 35 (1979) (citations omitted). *See also United States v. Robinson*, 414 U.S. 218, 235 (1973). This principle includes searches of automobiles incident to arrest. *New York v. Belton*, 453 U.S. 454, 457 (1981); *United States v. Martin*, 289 F.3d 392, 400 (6th Cir. 2002). Because Plaintiff was lawfully arrested, *i.e.*, pursuant to an outstanding Indiana arrest warrant, the warrantless search of his car incident to that arrest was also lawful.

Because the search of Plaintiff's vehicle incident to his arrest was lawful, it follows that the seizure of his vehicle and certain of its contents pursuant to that search was also lawful. Law enforcement officials may seize, without a warrant or trial, items found while conducting a search incident to arrest. *United States v. Charles*, 138 F.3d 257, 264 (6th Cir. 1998), citing *Belton*, 453 U.S. at 460. The seizure of Plaintiff's Camaro was additionally justified on the basis of Michigan law allowing the seizure of a vehicle "involved in the use, transport, or facilitation of transportation for the sale or receipt of controlled substances." *See* MICH. COMP. LAWS § 333.7521(d). The search incident to Plaintiff's arrest uncovered drug paraphernalia in his car; from that discovery it was reasonably concluded that the car was "involved in the use, transport, or facilitation of transportation" of controlled substances; hence, seizure of the car pursuant to MICH. COMP. LAWS § 333.7521(d) was proper without a warrant or trial.

### III.    Lack of An Appointed Attorney for Forfeiture Proceedings

Plaintiff next argues that a public defender should have been appointed to represent him in the Michigan forfeiture proceedings. He argues that his Sixth Amendment right to counsel was violated in the absence of appointed counsel.

There is no Sixth Amendment right to assistance of counsel in civil forfeiture proceedings. *United States v. Real Prop. Known and Numbered as 415 East Mitchell Ave.,*

*Cincinnati, Ohio,* 149 F.3d 472, 475 n.1 (6th Cir. 1998), citing *United States v. $100,375 in U.S. Currency*, 70 F.3d 438, 440 (6th Cir.1995). Rather, the Sixth Amendment right to counsel only applies to state and federal criminal prosecutions in which a defendant is accused of either a felony, or a misdemeanor that could result in a sentence of incarceration. *Baldasar v. Illinois*, 446 U.S. 222, 232 (1980), *overruled on other grounds, Nichols v. United States*, 511 U.S. 738 (1994); *Argersinger v. Hamlin,* 407 U.S. 25, 40 (1972); *Gideon v. Wainwright*, 372 U.S. 335, 342 (1963); *Johnson v. Zerbst*, 304 U.S. 458, 463 (1938). Plaintiff was not entitled to assistance of counsel in the civil forfeiture proceedings; hence his Sixth Amendment rights were not violated.

        IV.     Rooker-Feldman Doctrine

In order to grant Plaintiff the relief that he seeks, that is, the return of his money and vehicle, the Court would have to upset the state forfeiture proceedings regarding Plaintiff's vehicle. The *Rooker-Feldman* doctrine, derived from *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923), and *D. C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983), prohibits federal courts below the United States Supreme Court from exercising "appellate jurisdiction over the decisions and/or proceedings of state courts, including claims that are 'inextricably intertwined' with issues decided in state court proceedings." *Executive Arts Studio, Inc., v. City of Grand Rapids*, 391 F.3d 783, 793 (6th Cir. 2004) (citations omitted). Under the *Rooker-Feldman* doctrine, only the United States Supreme Court has jurisdiction, by a writ of certiorari, to review a final decision of a state's highest court, pursuant to 28 U.S.C. § 1257. "[The U.S. Supreme Court's] appellate jurisdiction over state-court judgments, 28 U.S.C. § 1257, precludes a United States district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate under a congressional grant of authority, e.g., § 1330 (suits against foreign states), § 1331 (federal question) and § 1332

(diversity)." *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.,* 125 S. Ct. 1517, 1523 (2005). The *Rooker-Feldman* doctrine includes cases brought under 42 U.S.C. § 1983 because of the "full faith and credit" given to state judicial proceedings. *Gottfried v. Med. Planning Servs., Inc.*, 142 F.3d 326, 330 (6th Cir. 1998).

The United States Supreme Court recently emphasized that the *Rooker-Feldman* doctrine is a narrow one, applicable only to those cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon,* 125 S. Ct. at 1521-22, as cited in *Lance v. Dennis,* 126 S. Ct. 1198, 1201 (2006). The doctrine is not to be construed to override Congress' conferral of concurrent federal and state court jurisdiction, nor to supercede the application of preclusion law pursuant to 28 U.S.C. § 1738. *Id.* The limited purpose of the *Rooker-Feldman* doctrine is to prevent a party who has lost in state court "from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Exxon,* 125 S. Ct. 1517, 1523 (2005) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)); *see also Lance,* 126 S. Ct. at 1201.

The present matter is within the contours of the *Rooker-Feldman* doctrine. Plaintiff, the loser in the state-court forfeiture proceedings, complains of injuries purportedly caused by the seizure and forfeiture of his vehicle and its contents in state court proceedings which were rendered before he filed the present action, and he invites this Court to review and reject the search, seizure, and forfeiture judgment. Plaintiff's claims are "inextricably intertwined" to the forfeiture judgment because there is no way for this Court to grant relief without disturbing the forfeiture. *See, e.g.,*

*Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987) (Marshall, J., concurring). *See also Loch v. Watkins,* 337 F.3d 574 (6th Cir. 2003) (applying the principles of abstention under *Younger v. Harris,* 401 U.S. 37 (1971), rather than dismissal under *Rooker-Feldman,* to bar federal jurisdiction over a § 1983 action during the pendency of state forfeiture proceedings); *Walker v. Abraham,* No. 05-3552, 2005 WL 3339810, at *1 (3rd Cir. Dec. 9, 2005) (*Rooker-Feldman* doctrine barred state prisoner's § 1983 claim, which challenged state court forfeiture proceedings of prisoner's commercial property)*; Henry v. Purvis,* 111 F. App'x 622 (2nd Cir. 2004) (*Rooker-Feldman* doctrine barred federal court from considering § 1983 claim arising out of state forfeiture proceeding for prisoner's vehicle). Thus, under the *Rooker-Feldman* doctrine, this Court is barred from reviewing Plaintiff's claims arising out of the forfeiture of his vehicle.

Pursuant to MICH. COMP. LAWS § 333.7523(1)(c), Plaintiff had an opportunity to raise his claims in state court. Before a forfeiture can take place, the government must give notice to the owner of the property that it has been seized and that the government seeks its forfeiture. MICH. COMP. LAWS § 333.7523(1)(a). The Edwardsburg Police Department mailed Plaintiff a notice of the government's intent to forfeit his vehicle. *See* Pl's Compl. Exs. A, D. Within twenty days after receiving notice, if the owner wishes to contest the forfeiture, a claim and bond must be filed. MICH. COMP. LAWS § 333.7523(1)(c). If no claim is filed within the twenty-day period, *in rem* forfeiture proceedings are not instituted. Instead, the automatic forfeiture provision is triggered. MICH. COMP. LAWS § 333.7523(1)(d). If a claim is filed, the prosecuting attorney must commence forfeiture proceedings at the expiration of the twenty-day period. *In re Return of Forfeited Goods,* 550 NW2d 782, 785 (Mich. 1996). As Plaintiff failed to file a claim contesting the forfeiture of his vehicle and post a bond in accordance with the statute, the automatic forfeiture provision of MICH.

COMP. LAWS § 333.7523(1)(d) was triggered, and the property was deemed forfeited. *See id.* Plaintiff's proper recourse is to appeal the decision of the state circuit court to the Michigan Court of Appeals and the Michigan Supreme Court. If he does not get relief in the state appellate courts, he may then appeal to the United States Supreme Court.

A claim dismissed on the basis of the *Rooker-Feldman* doctrine is legally frivolous and constitutes a dismissal pursuant to 28 U.S.C. § 1915(g). *See Alpern v. Lieb*, 38 F.3d 933, 934 (7th Cir. 1994); *Parker v. Phillips*, No. 01-5325, 2001 WL 1450704, at *2 (6th Cir. Nov. 7, 2001) (holding action to be frivolous under § 1915(g) where one ground for dismissal is *Rooker-Feldman*); *Carlock v. Williams*, No. 98-5545, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (same).

### **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action is frivolous and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum.

This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Date:      June 9, 2006             /s/ Robert Holmes Bell
                                                    ROBERT HOLMES BELL
                                                    CHIEF UNITED STATES DISTRICT JUDGE